UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PRINCE JONES,           )
                        )
        Plaintiff,      )
                        )
    v.                  )   Civil Action No. 16-2261
                        )
MURIEL BOWSER, et al.,  )
                        )
        Defendants.     )
                        )

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The plaintiff purports to bring this civil rights action under 42 U.S.C. § 1983 against the Mayor of the District of Columbia, the Metropolitan Police Officers who arrested him, the Assistant United States Attorney who prosecuted him, the Public Defender who represented him, and the judges of the Superior Court of the District of Columbia who presided over his criminal case. Generally, the plaintiff alleges that these defendants are responsible for his current incarceration and for assorted constitutional violations committed along the way. He demands compensatory damages of $100 million and punitive damages of $20 million.

Insofar as the plaintiff is mounting a challenge to his Superior Court conviction or sentence, this Court is without jurisdiction to adjudicate the claim. "Under D.C. Code § 23-110, a prisoner may seek to vacate, set aside, or correct sentence on any of four grounds: (1) the sentence is unconstitutional or illegal; (2) the Superior Court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is

subject to collateral attack." *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991). Such a motion must be filed in the Superior Court, *see* D.C. Code § 23-110(a), and "shall not be entertained . . . by any Federal . . . court if it appears that the [prisoner] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention," *id.* § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to [§] 23-110(a).").

With respect to the plaintiff's demands for damages, the Supreme Court instructs:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). The plaintiff does not demonstrate that his conviction or sentence has been reversed or otherwise invalidated, and, therefore, his claim for damages fails. *See, e.g., Johnson v. Williams*, 699 F. Supp. 2d 159, 171 (D.D.C. 2010), *aff'd sub nom. Johnson v. Fenty*, No. 10-5105, 2010 WL 4340344 (D.C. Cir. Oct. 1, 2010).

The Court will dismiss the complaint for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). An Order is issued separately.

DATE: May 19, 2017

United States District Judge